IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOAH J. GLEASON,**

        Petitioner,

        v.                      CASE NO. 10-3200-SAC

**DAVID R. McKUNE,**
**et al.,**

        Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner has paid the filing fee. He has also field a Motion to Appoint Counsel and Motion to Proceed in this court. Having considered the materials filed, the court finds as follows.

Mr. Gleason was convicted by a jury in the Jefferson County District Court, Oskaloosa, Kansas, of felony murder; and sentenced on September 5, 2002. He directly appealed his conviction to the Kansas Supreme Court, which affirmed on April 23, 2004. See State v. Gleason, 277 Kan. 624, 88 P.3d 218 (Kan. 2004).

The extensive factual and procedural history of related state proceedings is set forth in the opinion of the Kansas Court of Appeals (KCA) on collateral appeal. Pertinent excerpts include:

> The conviction arose from an aggravated burglary of Clarence Rinke's residence on October 14, 1999 . . . during which Rinke was shot and killed by Collin E. Cady. The burglary was perpetrated by Charlotte M. Bennet, Cady, and Gleason. . . . After Gleason was convicted of felony murder, his

> attorney filed a motion for new trial and judgment
> of acquittal . . . .
>
> . . . Gleason also filed a pro se K.S.A. 60-1507
> motion in September 2002 . . . . The district
> court appointed a different attorney to represent
> Gleason on the pro se motions. Finally, Gleason
> filed a pro se motion for a durational departure
> from his sentence because of the disparity of
> sentences among him, Cady, and Bennett.
>
> All the motions were considered and denied by the
> district court following a hearing in September
> 2002. The court then sentenced Gleason to life
> with no possibility of parole for 20 years.
>
> Gleason timely appealed his conviction and
> sentence to our Supreme Court. . . . In April
> 2004, our Supreme Court rejected Gleason's claims
> and affirmed his conviction and sentence.
> Gleason, 277 Kan. at 625.

Gleason v. State, 163 P.3d 1272, at *1 (Kan.App., Aug. 10, 2007).

Mr. Gleason filed a second 60-1507 motion on August 4, 2004. Id. The KCOA further describes the procedural history:

> In September 2004, the State filed a motion to
> dismiss this K.S.A. 60-1507 motion. The State
> argued that Gleason's claims were successive
> because they were either previously raised or
> should have been raised in his direct appeal.
> Gleason was appointed an attorney, and an
> evidentiary hearing was held in October 2004. At
> the conclusion of the hearing, the district court
> granted the State's motion to dismiss as to
> Gleason's claims of prosecutorial misconduct and
> ineffective assistance of counsel. The court
> noted that an evidentiary hearing was previously
> held on these claims in September 2002, and the
> district court's denial was upheld by our Supreme
> Court in Gleason's direct appeal. The court
> continued the hearing regarding the State's
> failure to turn over exculpatory evidence which
> was the only contention remaining from Gleason's
> K.S.A. 60-1507 motion.
>
> In October 2004, Gleason filed a motion to amend
> his K.S.A. 60-1507 motion and a pro se attachment.
> In the attachment, Gleason argued he was

2

> improperly interviewed by law enforcement officers
> during the murder investigation. Gleason
> subsequently filed numerous pro se motions and
> reasserted his previous claims.
>
> Gleason was appointed a different attorney and a
> nonevidentiary hearing was held in June 2005. At
> the conclusion of this hearing the district court
> denied the K.S.A. 60-1507 motion . . . .
>
> In July 2005, Gleason filed another motion to
> amend his K.S.A. 60-1507 motion . . . . The
> district court allowed Gleason to amend his
> motion. In August 2005, the court held an
> evidentiary hearing. In October 2005, the court
> filed a journal entry denying Gleason's claim.

Id. at *2. Mr. Gleason appealed, and the KCA affirmed the district court's findings and denial of the "latest K.S.A. 60-1507 motion" on August 10, 2007. Gleason's Petition for Review was denied on December 18, 2007.

Gleason then filed a third K.S.A. 60-1507 motion on August 8, 2007, based upon alleged newly discovered evidence. The KCA discussed this motion as follows:

> The district court dismissed it in October 2007
> after concluding no exceptional circumstances
> prevented Gleason from raising the alleged errors
> in his prior K.S.A. 60-1507 motions. Gleason did
> not appeal that ruling.
>
> Instead, in April 2008, alleging newly discovered
> evidence, Gleason filed a motion for relief from
> judgment under K.S.A. 60-260(b), raising the same
> claims.

See Gleason v. State, 239 P.3d 114, at *1 (Kan. App. Sept. 24, 2010). On May 11, 2009, the district court dismissed the motion for relief from judgment, and Gleason appealed to the KCA. The KCA affirmed the dismissal on September 24, 2010. On-line records of the Kansas Appellate Courts show that on October 25, 2010, Mr.

3

Gleason filed a Petition for Review in the Kansas Supreme Court that remains pending at this time.

> Section 2254(b)(1) of 28 U.S.C. plainly provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Id. Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In this district, that means all claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). It is clear from the record before the court that petitioner has not fully exhausted the claims he has currently pending in his Petition for Review before the Kansas Supreme Court in Gleason v. State, Appellate Case Number 102672.

Petitioner has filed a Motion to Stay Proceedings Pending Kansas Supreme Court Review. He states in support that he has to rely on inmate assistance, and the rule that he must seek review from the Kansas Supreme Court before proceeding in this federal court was overlooked. The United States Supreme Court in Rhines v.

4

Weber, 544 U.S. 269, 278, noted that a federal district court has discretion to stay a mixed petition, meaning one that contains both exhausted and unexhausted claims, and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Id. Once exhaustion is completed, the stay may be lifted and the petitioner may proceed in federal court. However, in Rhines the Supreme Court strictly limited the availability of the stay and abeyance procedure, finding the purposes of AEDPA's statute of limitations could be undermined if it were used too frequently.[1] Id. at 277. The Court thus held that stay and abeyance is only appropriate when the district court makes certain findings, including determinations that good cause existed for the petitioner's failure to exhaust and that the unexhausted claims are potentially meritorious. Id.

Petitioner makes no attempt to allege facts in his motion to stay showing good cause for his failure to fully exhaust state court remedies on all his claims or any other factors that might entitle him to a stay. The court thus finds that petitioner does not allege facts or make arguments that entitle him to a stay of these proceedings while he completes the state court process.

The court further finds that petitioner has not alleged and the record does not indicate that a stay is required due to the running of the statute of limitations in this case. Under 28

---

[1] The Court recognized that the use of a stay and abeyance procedure might detract from, rather than further, the goals of the AEDPA to reduce delays in the execution of state and federal criminal sentences and to ensure the finality of state court judgments.

U.S.C. § 2244(d)(1)(A), a federal habeas petition must be filed within one year of the date the prisoner's state court conviction(s) "became final by the conclusion of direct review or the expiration of the time for seeking such review." Based on allegations in the Petition, it appears that only a few days of the one-year limitations period have run in petitioner's case because he has otherwise had his direct appeal and three 60-1507 motions and their appeals pending. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000). Under § 2244(d)(2), the limitation period is statutorily tolled during the pendency of a "properly filed application for State post-conviction or other collateral review.[2]" Id. It follows that if the instant Petition is dismissed at this time without prejudice for failure to exhaust, most of the federal limitations period remains intact in this case. For these reasons, the court denies petitioner's Motion for Stay (Doc. 4).

Based upon the foregoing findings, the court concludes that this is a mixed petition, and that it should be dismissed, without prejudice, while Mr. Gleason completes proceedings in state court.

The court cautions petitioner that he must be vigilant to file any future federal habeas petition before the limitations period expires or he may lose his right to have any of his claims reviewed on federal habeas corpus. Mr. Gleason is also cautioned

---

[2] Although the limitations period is tolled during the pendency in state court of a motion for post-conviction review, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." Duncan v. Walker, 533 U.S. 167, 182-181 (2001); Rhines, 544 U.S. at 274-75.

6

that he has basically one shot in federal court on his habeas corpus claims, and any claim that is not presented in his first petition[3] is likely to be denied if raised in a subsequent petition under the second and successive provision of the AEDPA.

The court has considered petitioner's Motion to Appoint Counsel and Motion to Proceed in U.S. District Court. The former motion is denied as moot. The latter motion contains no legal or factual basis that convinces this court it should allow petitioner to proceed in federal court prior to having fully exhausted his state court remedies.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to fully exhaust the available state court remedies.

**IT IS FURTHER ORDERED** that petitioner's Motion to Stay Proceeding (Doc. 4), Motion to Proceed in U.S. District Court (Doc. 3), and Motion to Appoint Counsel (Doc. 2) are denied.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[3] Because this Petition is dismissed without prejudice for failure to exhaust and is not considered on its merits, it will not be treated a "first" federal habeas corpus petition.